IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN HUGHLEY, | ) | CASE NO. 1:11CV0519 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY SHERIFF | ) | AND ORDER |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Kevin Hughley brought this action against the Cuyahoga County Sheriff Department for intentional and negligent emotional distress, false imprisonment and common law false imprisonment. Also before the Court is a Motion to Proceed *In Forma Pauperis*. (Doc. 2). He alleges that, on November 12, 2009, the Defendant picked him up from the Southern Ohio Correctional Institution without authority and against his consent. On November 19, 2009, he was scheduled and ordered to serve misdemeanor time as ordered in *State v. Hughley*, Case No. CR-05-462014, wherein he was convicted of tampering with records, a non-violent crime. He asserts that Defendant had no right to detain him in the Cuyahoga County Jail from November 12, through November 19 2009 because there was no active case or court hearing and because it is a maximum security jail. Since Defendant allegedly had no right to house him in its jail for a non-violent misdemeanor, Plaintiff contends that this conduct was intentional and malicious, done for the purpose of causing him mental anguish and emotional distress,

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Under Ohio law, a sheriff's department is not a legal entity subject to suit. *Snyder v. Belmont County Sheriff's Depart.*, 2009 WL 467022 * 4 (S.D. Ohio Feb. 23, 2009)(citing *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007)). *See Barrett v. Wallace*, 107 F. Supp.2nd 949, 954 (S.D. Ohio 2000)(sheriff's department not a legal entity subject to suit). Therefore, the Cuyahoga County Sheriff Department is an improper party.

Plaintiff included Cuyahoga County Sheriff Bob Reid's name in parentheses in the caption of the Complaint. The Sixth Circuit held in *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). There are no allegations satisfying the above criteria for liability of the Sheriff. A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid, if considered a party, must be dismissed as a party Defendant.

The Cuyahoga County Common Pleas Court Docket shows that Plaintiff was convicted on December 22, 2008. Part of his sentence was reduced to a misdemeanor. On March 4, 2009 the judge

ordered him returned to Cuyahoga County to serve the 243 days misdemeanor time less jail credit time to be calculated by the sheriff. As Plaintiff stated, he was returned on November 12, 2009 and held in the county jail until November 19, 2009. In *Workman v. Wilkinson*, 23 Fed.Appx. 439, 440 (6th Cir. 2001) (citing *Meachum v. Fano,* 427 U.S. 215, 224-25 (1976), the Sixth Circuit held that a state may transfer a prisoner to a less desirable facility without implicating the Due Process Clause. Further, the Sheriff's website, www. sheriffcuyahogacounty.us, states that the county jail houses sentenced misdemeanants. There is no indication that it is a maximum security prison.

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: April 22, 2011

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE